Bryon J. Benevento (5254)
Kimberly Neville (9067)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

Attorneys for GGW Brands, LLC GGW Marketing, LLC,
GN Media Corp., and Magna Publishing Group, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ETAGZ, INC., an Indiana Corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>CONREY PUBLICATIONS, INC., a Delaware corporation; DIAMOND COMMUNICATIONS, INC., a New York corporation; GN MEDIA CORPORATION, a Nevada corporation d/b/a CHERI, CLUB, FOX, and HIGH SOCIETY; MAGNA PUBLISHING GROUP, INC., a Nevada corporation; GGW MARKETING, LLC, a Delaware limited liability company d/b/a GIRLS GONE WILD; GGW BRANDS, LLC, a Delaware limited liability company d/b/a GIRLS GONE WILD; and DOES 1- 100.<br><br>            Defendants. | **MEMORANDUM IN SUPPORT OF GGW AND MAGNA DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>Case No. 2:10-cv-01266<br><br>Judge Dale A. Kimball |

Pursuant to Rules 12(b)(6) and 8(a) of the Federal Rule of Civil Procedure, GGW Brands, LLC, GGW Marketing, LLC, GN Media Corporation and Magna Publishing Group, Inc., and any accused DOES companies with common ownership or corporate relation to those entities (collectively, "the GGW and Magna Defendants"), through counsel, respectfully submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement (the "Second Amended Complaint").  GGW Brands, LLC stands in the

13979583.1

1

place of the fictitious entity "GGW Brands, LLC d/b/a Girls Gone Wild" for the purposes of this motion because GGW Brands, LLC was served by Plaintiff Etagz, Inc. ("Etagz") instead of the named defendant "GGW Brands, LLC /d/b/a Girls Gone Wild."   However, GGW Brands, LLC does not admit that named defendant GGW Brands, LLC d/b/a Girls Gone Wild is a proper corporate entity.  Likewise, GGW Marketing, LLC, stands in the place of the fictitious entity "GGW Marketing, LLC d/b/a Girls Gone Wild" because GGW Marketing, LLC was served by Etagz instead of the named defendant "GGW Marketing, LLC /d/b/a Girls Gone Wild." However, GGW Marketing, LLC does not admit that named defendant GGW Marketing, LLC d/b/a Girls Gone Wild is a proper corporate entity.

GN Media Corporation stands in the place of the ficticious entity "GN Media Corporation d/b/a Cheri, Club, Fox, and High Society."  GN Media Corporation does not admit that the named defendant GN Media Corporation d/b/a Cheri, Club, Fox, and High Society is a proper entity.

## SUMMARY OF THE ARGUMENT

The allegations in Etagz' Second Amended Complaint for Patent Infringement ("Complaint") do not meet the basic pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Specifically, Etagz' allegations of patent infringement in the Complaint do not identify any specific products of the GGW and Magna Defendants that Etagz accuses of infringement.  Dkt. No. 25 at ¶¶ 16-21.  Consequently, Etagz has not provided the GGW and Magna Defendants with fair notice of which, if any, of their products allegedly infringe the patents-in-suit.  Etagz' failure to do so is particularly troublesome given that it filed the case ten months before it served any of the defendants and that it amended its complaint twice during that timeframe.  Therefore, the GGW and Magna Defendants ask the court to dismiss the Complaint under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Additionally, the GGW and Magna Defendants respectfully request that, in dismissing Etagz' complaint, the Court not allow Etagz to file an amended complaint as part of the present action, but instead dismiss this action altogether, because the law has changed since the time Etagz originally filed the present case.  Through enactment of the Leahy-Smith America Invents Act, Congress explicitly outlawed the joinder of unrelated entities solely on the basis that they have been alleged to infringe the same patents.

## BACKGROUND

Etagz filed the Original Complaint in this action on December 22, 2010, but did not serve any of the named defendants.  Instead, Etagz filed an Amended Complaint over six months later on June 26, 2011.  Even after filing its Amended Complaint, Etagz did not serve any of the named defendants until almost three months later in September 2011.  Thus, Etagz did not serve any of the defendants until almost nine months after it filed its original complaint.

On October 12, 2011, before any of the defendants filed a response to the Amended Complaint, Etagz moved the Court for leave to again amend its Complaint.  On October 17, 2011, the Court granted Etagz' motion before any of the defendants responded to the motion, and, subsequently, on October 19, 2011, Etagz filed a Second Amended Complaint.

Each of the Original Complaint, the Amended Complaint, and the Second Amended Complaint alleged infringement of U.S. Patent No. 6,298,332, U.S. Patent No. 7,503,502, and U.S. Patent No. 7,703,686 (collectively, "the patents-in-suit").  However, none of the Original Complaint, the Amended Complaint, or the Second Amended Complaint contained an identification of any products or services of any of the defendants that Etagz alleged to infringe the patents-in-suit.

## <u>APPLICABLE LEGAL STANDARDS</u>

A pleading does not require detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'…[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id. quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).

A plaintiff cannot state a claim for relief by relying on conclusory allegations or "'threadbare recitals of the elements of a cause of action.'" *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Indeed, where a complaint sets forth mere legal conclusions, those conclusions need not be accepted as true at all. *Id.*; *see also Twombly*, 550 U.S at 564-65. To survive a motion to dismiss, a complaint must do more than "'plead[] facts that are merely consistent with a defendant's liability,'" it must set forth "'sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Gee v. Pacheco*, No. 08-8057, 2010 U.S. App. LEXIS 25613 (10th Cir. Dec. 2, 2010) (unpublished) (quoting *Iqbal*, 129 S. Ct. at 1949) (attached hereto as Exhibit A).

These pleading requirements serve two important purposes. First, they "ensure[] that defendants know 'the actual grounds of the claim against them,'" which are necessary for the defendants to prepare a defense. *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)). Second, the pleading requirements "'avoid[] ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim.'" *Id.* (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., dissenting)).

Dismissal under Rule 12(b)(6) is appropriate where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

## ARGUMENT

The following serves as an example of the allegations against the GGW and Magna Defendants in the Second Amended Complaint:

> "13.    Defendants have infringed at least claims 1, 9, and 16 of the '686 Patent."

Dkt. No. 25, ¶ 19.

The allegations in the Second Amended Complaint do not establish a plausible claim for patent infringement against the GGW and Magna Defendants because the Etagz fails to identify ***any*** product of the GGW and Magna Defendants.  Etagz alleges that "Defendants are infringing, contributing to the infringement of, and/or inducing infringement of" the asserted patents in its Second Amended Complaint, and Etagz then further identifies the claims which it contends the GGW and Magna Defendants are infringing.  Dkt. No. 25 at ¶¶ 16-21.  However, Etagz does not identify what category of products it contends is infringing, much less the specific products it accuses.  *Id.*  In fact, Etagz makes no statement to explain its accusations beyond "Defendants infringe." *Id.*

Under *Iqbal* and *Twombly*, a patent holder must allege ***with specificity*** what the defendants' accused products are and how they infringe upon each patent-in-suit; numerous cases have held that broad generalizations or lack of an identification of products constitutes insufficient pleading.  *California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Serv., Inc.*, 2010 WL 3063132, *1-3 (N.D. Cal. 2010) (unpublished) (attached hereto as Exhibit B) (granting motion to dismiss because the complaint failed to specifically identify an accused product and how that product allegedly infringed); *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, *1 (N.D. Cal. 2003) (unpublished) (attached hereto as Exhibit C)

(dismissing plaintiff's complaint that defendant's "software and hardware products" infringed the patent because defendant implanted "150 core technology platforms" in "over 4000 end-use application products" and the allegations did not provide defendant with "fair notice" as to what claims to defend); *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, *4 (N.D. Cal. 2011) (unpublished) (attached hereto as Exhibit D) (dismissing plaintiff's complaint where plaintiff did not identify any specific products); *Landmark Technology LLC v. Aeropostale*, 2010 WL 5174954, *3-4 (E.D. Tex 2010) (unpublished) (attached hereto as Exhibit E) ("Landmark's allegations of direct infringement do not adhere to Form 18 in that they do not identify any accused products, services, or methods or other infringing acts for the patents-in-suit…[w]hile Landmark accuses Defendants' 'electronic commerce systems,' this is an extremely vague identification…[w]ithout further context, it is unclear as to what 'electronic commerce systems' refers"); *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 543 (E.D. Tex. 2010) ("While Realtime accuses Defendants' 'data compression products and/or services,' the Court find this to be a vague identification and without further context it is unclear as to what 'data compression products and/or services' refers.")

However, in each of those cases, the plaintiff at least attempted to label a category of products, and, even at that, the plaintiff was too vague in doing so. Plaintiff's allegations in the present case were even more vague than those in the cited cases. Etagz commits an even greater error than naming a category of products that is too vague—it does not identify anything at all that is alleged of infringing. Courts have dismissed similar complaints where nothing at all is identified. *See Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 2010 WL 5175172, *3 (E.D. Tex. 2010) (unpublished) (attached hereto as Exhibit F) (where the allegation in the complaint read "products and/or services" as the accused product, the court held that "[w]hile Form 18 does not set a high bar for what must be alleged, Bedrock has not met that bar…[t]he Court has high expectations of a plaintiff's preparedness before it brings suit.")

Etagz' failure to identify a single product of the GGW and Magna Defendants is inexcusable given that it filed this lawsuit nearly one year ago and given that it has now *twice* amended the complaint, the second time just two weeks ago.  As a result, Etagz has made three attempts over the past year, and yet Etagz still has: (1) not provided the GGW and Magna Defendants with fair notice of which of their products allegedly infringe the patents-in-suit; and (2) failed to plead with the bare minimum level of specificity advanced by the Supreme Court in *Iqbal* and *Twombly*.

Additionally, the Leahy-Smith America Invents Act ("AIA"), signed into law on September 16, 2011, explicitly disallows different parties to be joined in newly-filed cases, simply because they have been alleged to infringe the same patents.  *See* Pub. L. 112-29 § 299(a)-(c), 125 Stat. 332-33 (2011).  Specifically, the AIA states:  "(b) ALLEGATIONS INSUFFICIENT FOR JOINDER.—For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."  *Id.*  Allowing Etagz to amend its pleadings substantially to include entirely new accusations against all of the defendants in this case would enable Etagz to circumvent the terms of the AIA.  Therefore, the GGW and Magna Defendants request that the Court dismiss Etagz' Second Amended Complaint in its entirety.

## <u>CONCLUSION</u>

For the foregoing reasons, the GGW and Magna Defendants respectfully requests that the Court dismiss Etagz' claims against the GGW and Magna Defendants and explicitly disallow re-pleading in the present case against distinct corporate entities for the sole reason that they have been alleged to infringe the same patents.

DATED this 3rd day of November, 2011.

**SNELL & WILMER, LLP**

/s/ Kimberly Neville
Bryon J. Benevento
Kimberly Neville
*Attorneys for GGW Brands, LLC, GGW*
*Marketing, LLC,  Magna Publishing Group, Inc.*
*and GN Media Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of November, 2011, I filed the foregoing **MEMORANDUM IN SUPPORT OF GGW AND MAGNA DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Joseph G. Pia
    PIA ANDERSON DORIUS REYNARD & MOSS
    222 South Main Street, Suite 1830
    Salt Lake City, Utah 84101
    Telephone: (801) 350-9000
    Facsimile: (801) 350-9010
    joe.pia@padrm.com

                    /s/ Kimberly Neville

## INDEX TO EXHIBITS

Exhibit A:    *Gee v. Pacheco*, No. 08-8057, 2010 U.S. App. LEXIS 25613 (10th Cir. Dec. 2, 2010) (unpublished)

Exhibit B:    *California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Serv., Inc.*, 2010 WL 3063132, *1-3 (N.D. Cal. 2010) (unpublished)

Exhibit C:    *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, *1 (N.D. Cal. 2003) (unpublished)

Exhibit D:    *Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, *4 (N.D. Cal. 2011) (unpublished)

Exhibit E:    *Landmark Technology LLC v. Aeropostale*, 2010 WL 5174954, *3-4 (E.D. Tex 2010) (unpublished)

Exhibit F:    *Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 2010 WL 5175172, *3 (E.D. Tex. 2010) (unpublished)