**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ETAGZ, INC.,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**CHERI MAGAZINE et al.,**<br><br>**Defendants.** | **ORDER**<br><br>**Case No. 2:10CV1266 DAK** |

This matter is before the court on the GGW and Magna Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement.[1] A hearing on the motions was held on March 21, 2012. At the hearing, the GGW and Magna Defendants were represented by Mark Finklestein, and Plaintiff Etagz, Inc. was represented by Joseph Pia. The court has carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Order.

The GGW and Magna Defendants have filed a Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement. Defendants contend that the allegations in the Second Amended Complaint do not meet the basic pleading standards set forth in *Twombly* and *Iqbal*. Specifically, Defendants contend, Etagz's allegations of patent infringement in the Second Amended Complaint do not identify any specific products of the GGW and Magna

[1] The "GGW and Magna Defendants" are comprised of GGW Brands, LLC; GGW Marketing, LLC; GN Media Corp.; and Magna Publishing Group

Defendants that Etagz accuses of infringement.

Plaintiff argues, however, that it identified that "Defendants have infringed at least claims 11 and 16 of the '332 Patent and one or more claims of the '502 and '686 Patents, by, at a minimum, *selling magazines with a label including a computer readable medium*." But this allegation dos not appear in the Second Amended Complaint. Rather, it is from Plaintiff's original complaint, which did not even name any of the GGW or Magna Defendants. Plaintiff cannot rely on statements made outside the operative pleadings to state a claim.[2]

As Defendants have argued, under *Iqbal* and *Twombly*, a patent holder must allege what the defendants' accused products are and how they infringe upon each patent-in-suit. Numerous cases have held that broad generalizations or lack of an identification of products constitutes insufficient pleading. *See California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Serv., Inc.*, 2010 WL 3063132, *1-3 (N.D. Cal. 2010) (unpublished). The court agrees, and therefore finds that the Second Amended Complaint must be dismissed for failure to state a claim. Plaintiff is granted leave, however, to file a Third Amended Complaint that alleges what each Defendants' accused products are and how they infringe upon each patent-in-suit. In other words, Plaintiff must provide Defendants with fair notice as to what claims to defend. At this juncture, however, the court declines to require Plaintiff to file separate actions against each individual Defendant, as requested by Defendants.

---

[2] Plaintiff also contends that, based on correspondence between the parties, Defendants are on notice of the alleged patent infringement. Plaintiff may not rely on correspondence to establish its claims.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the GGW and Magna Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Patent Infringement [Docket No. 26] is GRANTED in part and DENIED in part. The Second Amended Complaint is DISMISSED without prejudice to file a Third Amended Complaint within fourteen days. The court declines to require separate actions to be filed against each Defendant.

DATED this 6th day of April, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge