**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| ETAGZ, INC., | |
|                    **Plaintiff,** | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| CHERI MAGAZINE et al., | |
|              **Defendants.** | **Case No.  2:10CV1266 DAK** |

This matter is before the court on (1) the GGW and Magna Defendants' ("Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint for Patent Infringement,[1] (2) Plaintiff Etagz Inc.'s ("Plaintiff") Motion for Discovery, (3) Plaintiff's Rule 56(d) Motion; and (4) Defendants' Motion to Strike Plaintiff's Reply in Support of Motion for Limited Discovery and Plaintiff's Rule 56(d) Motion for Discovery.  A hearing on the motions was held on September 12, 2012.  At the hearing, the GGW and Magna Defendants were represented by Bryon J. Benevento, and Plaintiff Etagz, Inc. was represented by Joseph Pia.  The court has carefully considered the memoranda and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

Defendants have filed a Motion to Dismiss Plaintiff's Third Amended Complaint for Patent Infringement pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing

---

[1]  The "GGW and Magna Defendants" are comprised of GGW Brands, LLC; GGW Marketing, LLC; GN Media Corp.; and Magna Publishing Group

that the court lacks both specific and general jurisdiction over Defendants and that Plaintiff has

failed to allege any jurisdictional facts justifying the court's exercise of personal jurisdiction.

Specifically, they argue that the Defendants lack continuous and systematic contacts with the

State of Utah, and that the Third Amended Complaint makes no allegations to support the

exercise of general jurisdiction.  In addition, Defendants contend, the court lacks specific

jurisdiction over the Defendants because the Defendants have not purposefully availed

themselves of the benefits and protections of the State of Utah and the exercise of jurisdiction

would not be reasonable.  In addition, Defendants argue, they do not make the magazine in Utah

or make any direct sales of the magazine into the State of Utah, nor has Etagz alleged that they

have done so.[2]

Plaintiff, on the other hand, argues that it has adequately plead everything necessary for

personal jurisdiction "because . . . proper venue includes proper jurisdiction."[3]  In addition,

Plaintiff argues, Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure

("Form 18") sets forth a sample complaint for direct patent infringement, and Plaintiff claims that

it has followed the requirements of that form, which is all that is necessary to allege jurisdiction.

In the alternative, Plaintiff asks to conduct limited discovery on the issue of personal jurisdiction.

---

[2]   Even under the attenuated "stream of commerce" theory of specific jurisdiction, Defendants contend, the GGW Defendants have not had sufficient contacts with Utah by virtue of the acts of third party distributor, Curtis, to justify the exercise of personal jurisdiction.

[3]   Docket No. 50, Pl.'s Mem. in Opp'n at 11, 13.

**DISCUSSION**

The instant case has endured a tortured beginning.  The Complaint was filed in December

2010.[4]  After the court issued an Order to Show Cause in May 2011as to why Plaintiff had not

accomplished service of process,[5] Plaintiff filed an Amended Complaint,[6] and, approximately

three months later, Plaintiff filed a Motion for Extension of Time to Serve the Amended

Complaint.[7]  On August 19, 2011, the court granted an extension until September 23, 2011 to

accomplish service.[8]  The Summonses for at least some of the named Defendants were filed on

September 22, 3011.[9]

Soon thereafter, on October 12, 2011, Plaintiff filed a Motion for Leave to File Second

Amended Complaint, which the court granted on October 17, 2011.[10]  The Second Amended

Complaint was filed on October 19, 2011.[11]  On November 3, 2011, Defendants filed a Motion

to Dismiss, arguing that Plaintiff's allegations of patent infringement in the Second Amended

Complaint did not identify any specific products of the GGW and Magna Defendants that

---

[4] Docket No. 2.

[5] Docket No. 4.

[6] Docket No. 6.

[7] Docket No. 7.

[8] Docket No. 9.

[9] See Docket No. 15-19.

[10] Docket Nos. 22, 24.

[11] Docket No. 25.

Plaintiff accuses of infringement.   After full briefing and oral argument on March 21, 2012, the

court granted the motion, except that it did not grant Defendants' request that separate actions be

filed against each Defendant.  The court then permitted Plaintiff to file a Third Amended

Complaint.[12]  On April 20, 2012, the Third Amended Complaint was filed,[13] and on May 7, 2012,

Defendants filed the instant Motion to Dismiss.[14]

In the briefing on the instant motion, Plaintiff complains about its fear that Defendants

might be attempting to drag this litigation out,[15] but, as set forth above, the delay in this case

appears to have been caused by Plaintiff–not Defendants.  Plaintiff also complains about

Defendants' failure to raise the jurisdictional argument in its first motion to dismiss, but, as

Defendants point out, they did not know what patents were being accused, and thus, they could

not so argue.  Plaintiff's inclusion of these unsupported and tangential attacks pertaining to

Defendant's actions do nothing to move the case along or to assist the court in deciding the

issues at hand.  Similarly, the court is troubled by Plaintiff's mischaracterization of at least some

of the evidence.[16]

---

[12]  Docket Nos. 39, 40.

[13]  Docket No. 41.

[14]  Docket No. 44.

[15]  *See e.g.*, Docket No. 51, n.1; Docket No. 80 at 3, 7-8.

[16]  For example, Plaintiff asserts in its Memorandum in Opposition that "[t]he GGW Defendants have admitted that they have shipped their products to Utah via an established distribution chain."  *See* Docket No. 51 at  7 (referring to Defendants' Mem. In Supp. at  4). Similarly, Plaintiff states that "[the] GGW Defendants admit that they have sold hundreds of their infringing products in Utah."  *Id.*

Having reviewed the Third Amended Complaint and the significant briefing filed by both sides on the instant Motion to Dismiss, the court finds that Plaintiff's arguments regarding the sufficiency of its jurisdictional allegations contained in the Third Amended Complaint are without merit.   There is no authority for the proposition that conclusorily alleging that venue is sufficient is all that is necessary to make a prima facie showing of jurisdiction.   Moreover, Plaintiff's reliance on "Form 18" and the Federal Circuit's decision in *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012) case is misplaced, as neither Form 18 nor the *Bill of Lading* decision does anything to change binding case law authority or the Constitutional requirements pertaining to a court's exercise of personal jurisdiction.   Finally, many of the allegations discussed in the briefing of the instant motion to dismiss simply do not appear in the Third Amended Complaint, which is the operative pleading. The court cannot look to the many allegations contained in the briefing to determine whether the *Complaint* sufficiently sets forth a basis for personal jurisdiction.   Accordingly, the court finds

---

The court, however, was not able to find any such statement by Defendants on the referenced page or anywhere else in Defendants' Memorandum in Support.  To the contrary, Defendants state that "[i]n January 2008, GGW Brands entered into an exclusive distribution agreement with Curtis Circulation Company,  LLC ("Curtis"), located in New Jersey, under which **Curtis had sole control over the distribution of the magazine,** including sole control over selecting wholesalers, retailers, and agent to sell and distribute the magazine . . . ."  Also, "[n]either GGW Brands nor GGW Magazine LLC took possession of distribution copies of the magazines from the time Transcontinental printed them to the time Curtis distributed them. Neither GGW Brands no GGW Magazine LLC was directly involved in the distribution of the magazines to retailers or to subscribers.  *See* Defs' Mem. in Supp. at 6 (emphasis added). Defendants also contend that **"Curtis** sold a total of approximately 238 copies of (any issue of) the magazine to distributors in Utah" and that "[t]he GGW Defendants and GGW Magazine LLC have not manufactured or themselves sold any of the accused magazines in Utah."  *Id.* (emphasis added).

that the Third Amended Complaint does not make a prima facie showing of jurisdiction, and thus, the Third Amended Complaint is dismissed.

Plaintiff, however, has at least suggested some bases for specific personal jurisdiction (but not general personal jurisdiction) in its briefing, and has suggested that additional information will help determine whether the court may exercise jurisdiction. Accordingly, the court, out of an abundance of caution, will permit some very limited discovery on the specific personal jurisdiction issue. Plaintiff's discovery, however, must be narrowly tailored and reasonable in light of the issue to be addressed. Because Plaintiff is on tenuous ground in being permitted to conduct any discovery, given that Plaintiff has already made four attempts to file a Complaint, and because the Third Amended Complaint was so devoid of any jurisdictional basis that one could reasonably argue that Plaintiff has embarked on a fishing expedition, the court will not favorably view any unreasonable discovery requests. Plaintiff is hereby admonished that any attempt to discover information beyond the scope of what is necessary to make a showing of specific personal jurisdiction will result in the court's dismissing the Third Amended Complaint with prejudice, upon motion of Defendants.[17] For example, Plaintiff's proposed list of items subject to discovery, contained in the Declaration of Joseph G. Pia, attached to the Motion for Rule 56(d) discovery is far too broad and cumbersome.[18] The court cannot envision why Plaintiff would need all the information requested in paragraphs b, c, d, e, and f of the Affidavit for the

---

[17] Defendants, however, should exercise discretion in so moving and cooperate to the extent possible in providing the necessary information requested by Plaintiff.

[18] Docket No. 70, Ex. 1.

narrow purpose of alleging a jurisdictional basis.

Plaintiff is directed to focus on its alter ego allegations and on its stream of commerce theory, although Plaintiff should be aware that even under a general stream of commerce argument, there must be a finding that the defendant purposefully directed its activities at the forum state.  *See e.g,  J McIntyre Mach, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2785 (2011); *Asahi Metal Indus. Co., Ltd v. Superior Court of Cal., Solano County*, 480 U.S. 102, 112 (1987) (explaining that mere awareness that the goods may enter the forum state does not constitute purposeful direction); *Maynard v. Philadelphia Cervical Collar Co., Inc*., 18 F. App'x 814, 817 (Fed. Cir. 2001) ("Introducing a product into a stream of commerce is insufficient to establish personal jurisdiction-there must be an additional act to satisfy constitutional due process requirements."); *Envirotech Pumpsystems, Inc. v. Sterling Fluid Sys. (Schweiz) AG*, Civ. No. 2:99CV814DAK, 2000 WL 35459756, at * 8 (D. Utah Nov. 16, 2000) (unpublished) ("this court finds that merely placing a product in the stream of commerce, without more, is not enough for this court to exercise personal jurisdiction); *Allen-Bradley Co., Inc. v. Datalink Techs., Inc*., 55 F. Supp. 2d 958, 961 (E.D. Wis. 1999) ("Although the Asahi court was divided on whether an act in addition to placing an article in the stream of commerce was necessary for a finding of personal jurisdiction, it nevertheless agreed that knowledge that the product would end up in the forum state was essential.").

In addition, Plaintiff should bear in mind that Defendants will not bear the burden of establishing jurisdiction.  Rather, after jurisdictional discovery,

[w]hen analyzing specific personal jurisdiction over a nonresident defendant, a

7

court considers whether: "(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair." *Elecs. For Imaging*, 340 F.3d at 1350. **The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable.** *Id*. As this court previously explained "[t]he first two factors correspond with the 'minimum contacts' prong of the *International Shoe [ v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed Corp*., 249 F.3d at 1360.

*Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012) (emphasis added).

Plaintiff will be permitted to conduct discovery until February 28, 2013. During that time, Plaintiff may propound no more than 25 interrogatories and 25 requests for production of documents, and it may conduct no more than six depositions. After that time, if there is a basis for this court's exercise of jurisdiction, Plaintiff may file a Fourth Amended Complaint, provided that it is filed by March 29, 2013. In any future Complaint, Plaintiff is directed to specifically address the jurisdictional basis regarding *each* Defendant.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint for Patent Infringement [Docket No 44] is GRANTED, and the Third Amended Complaint is DISMISSED without prejudice; Plaintiff's Motion for Discovery [Docket No. 50] is GRANTED, and Plaintiff's Rule 56(d) Motion [Docket No 69] is DENIED AS MOOT; Defendants' Motion to Strike [Docket No. 75] is DENIED. The specific parameters of the permissible discovery is set forth above, as is the deadline for conducting the limited discovery and for filing a Fourth Amended Complaint if a jurisdictional

basis exists.

DATED this 19th day of November, 2012.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge